# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CITY OF EUDORA, KANSAS**, Plaintiff, vs. **RURAL WATER DISTRICT NO. 4, DOUGLAS COUNTY, KANSAS,** Defendant. | Case No. 14-2399-JAR-KGS |

## MEMORANDUM AND ORDER

Plaintiff the City of Eudora, Kansas ("Eudora" or "the City") seeks declaratory relief regarding its right to exercise the right to provide water service within certain disputed areas and whether Defendant Rural Water District No. 4, Douglas County, Kansas ("Douglas-4" or "the District") lacks protection under 7 U.S.C. § 1926(b), specifically any protection related to the curtailment or limitation of water services by Eudora. This matter is before the Court on Douglas-4's Motion to Dismiss Due to Failure to Join Necessary Parties (Doc. 14). For the reasons explained in detail below, the Court denies Douglas-4's motion.

### I.    Factual Background

The following facts are set out in Eudora's Complaint.[1] This declaratory judgment action stems from prior litigation between the parties, involving multiple orders of this Court, a trial, and two decisions from the Tenth Circuit Court of Appeals. Highly summarized, the parties disputed whether Douglas-4 is entitled to protection under 7 U.S.C. § 1926(b), which prohibits municipalities from "poaching" a rural water district's customers while a USDA-guaranteed loan

---
[1]Doc. 1.

is in repayment. Douglas-4 sued Eudora under 42 U.S.C. § 1983, claiming Eudora violated Douglas-4's federal statutory rights. The case went to trial resulting in a jury verdict and damages for Douglas-4. The Tenth Circuit vacated the verdict, holding that absent a showing that the USDA-guaranteed loan was "necessary" under K.S.A. § 82a-619(g), Douglas-4 could not claim the protections afforded by federal law.[2] The court held that this Court improperly instructed the jury on the meaning of "necessary" and remanded for a new trial.

Effective July 1, 2012, the Kansas legislature amended the relevant Kansas statute, K.S.A. § 82a-619(g), and removed the "necessary" requirement. On remand, the parties filed cross-motions for summary judgment and this Court ruled that the amendment did not apply retroactively. This Court also denied summary judgment for both parties, and certified the retroactivity question to the Tenth Circuit. On appeal, the Tenth Circuit upheld this Court's conclusion that the amended § 82a-619(g) does not apply retroactively, and thus the "necessary" requirement still bound Douglas-4.[3] The court also agreed to expand the scope of appeal to consider the propriety of summary judgment, and held Douglas-4 failed the "necessary" requirement as a matter of law, entitling Eudora to summary judgment. The court ordered: "On remand, the district court should enter summary judgment in Eudora's favor on the question of whether Douglas-4's USDA guarantee was 'necessary to carry out the purposes of its organization' and otherwise proceed in a manner consistent with this opinion."[4] This Court then

---

[2] *Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969 (10th Cir. 2011) ("*Eudora I*").

[3] *Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, 720 F.3d 1269 (10th Cir. 2013) ("*Eudora II*").

[4] Doc. 1 at 16, ¶ 80.

entered an Order of Final Judgment on Remand, dismissing with prejudice all claims by Douglas-4 against Eudora, including the holding that "Plaintiff [Douglas-4] is not entitled to any protection under 7 U.S.C. § 1926(b)."[5]

Eudora alleges that following the Tenth Circuit's opinion in *Eudora II* on July 1, 2013, Douglas-4 concocted a plan during its July 9, 2013 board meeting, to create new facts by "reaffirming" prior loan or guarantee documents in an attempt to avoid the Tenth Circuit's rulings and avoid following the procedures required by K.S.A. § 12-527 (2009) to transfer water service from Douglas-4 to Eudora in the disputed area. This series of "reaffirmation" acts were intended to create an excuse to claim § 1926(b) protection in spite of final judgment that ruled otherwise.

Eudora further alleges that Douglas-4 refuses to acknowledge the results of the prior litigation and Kansas statutory process required to complete the transition of water services from Douglas-4 to Eudora for the annexed areas, and has threatened to sue Eudora to enforce its federal protection claims. Douglas-4 claims that it now has federal protection under § 1926(b) because of the reaffirmed loan and guarantee, and that notwithstanding the prior litigation, that federal law precludes any taking of Douglas-4's infrastructure or territory.

As a result, Eudora filed this declaratory judgment action, seeking a determination establishing that Kansas law permits Eudora to initiate or resume—and requires Douglas-4 to follow and complete—the procedures set forth in K.S.A. § 12-527 (2009) or alternatively, those set forth in K.S.A. § 12-541 (current), such that Eudora can properly exercise its right to begin providing water service in the disputed areas, without fear or accusation by Douglas-4 that

---

[5]*Id.* at 17, ¶ 81.

Eudora would be violating federal protection claimed by Douglas-4 pursuant to § 1926(b) or some other authority. In Count One, Eudora seeks a declaratory judgment that Douglas-4's claims are barred by res judicata. Count Two seeks a declaratory judgment that Douglas-4's "reaffirmation" conduct is not "accepting aid" under K.S.A. § 82a-619(g), and thus Douglas-4 lacks any protection under § 1926(b). Count Three seeks a declaratory judgment that Douglas-4's "reaffirmation" conduct was not "necessary" to accept aid under K.S.A. § 82a-619(g), and thus Douglas-4 lacks any protection under § 1926(b).

## II.   Discussion

Douglas-4 seeks to dismiss Eudora's Complaint under Fed. R. Civ. P. 19(a) for failure to join a necessary party, namely the United States Department of Agriculture ("USDA") and First State Bank & Trust ("the Bank").[6] Although Rule 19 governs joinder of parties, a motion to dismiss for failure to join a party under Rule 19 is governed by Fed. R. Civ. P. 12(b)(7), and the Court construes District-4's motion as such. Under Rule 12(b)(7), the court may dismiss a case for failure to join a necessary and indispensible party under Rule 19. As the party seeking dismissal for failure to join, District-4 bears the burden to produce evidence that shows the nature of the interest possessed by an absent party and that such party's absence will impair the protection of that interest.[7] Movants can satisfy this burden with affidavits of persons having knowledge of the interest as well as other relevant extra-pleading evidence.[8]

---

[6] Douglas-4's motion was filed November 26, 2014, four months after its Answer, Avoidances, and Affirmative Defenses. Doc. 6. A Mediation Order was entered January 30, 2015, and the parties unsuccessfully mediated the case on March 2, 2015. Docs. 18, 19.

[7] *Citizen Bank Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (citation omitted).

[8] *Id.*

4

Determining whether a party is indispensible under Rule 19(b) involves a three-step analysis.[9]  First, the court determines under Rule 19(a) whether the party is a required or necessary party.  A party is required if

> (A) in that person's absence, the court cannot afford complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[10]

If a person is required, the court must determine whether joinder is feasible, *i.e.*, whether the person is subject to service of process and whether joinder will deprive the Court of subject matter jurisdiction.[11]  If the party is necessary but cannot be joined, the court determines under Rule 19(b) whether the party is indispensible.  To conclude that a party is indispensible, the court must find "in equity and good conscience" that the action should not proceed in the party's absence.[12]  In making this determination, the court balances the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:

---

[9] *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

[10] Fed. R. Civ. P. 19(a).

[11] *Citizen Potawatomi Nation*, 248 F.3d at 997.

[12] Fed. R. Civ. P. 19(b); *Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001).

>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (C) any other measures;
>
>  (3) whether a judgment rendered in the person's absence would be adequate; and
>
>  (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[13]

The court exercises discretion in determining the weight of each factor.[14]

Douglas-4 contends that Eudora has expressly challenged the validity of the loan issued by the Bank and the guaranty by the USDA, putting the validity of those agreements directly at issue in this case. Douglas-4 argues that whether the reaffirmations by the Bank and the USDA were valid transactions directly implicates their rights and liabilities under their agreements, making them necessary parties. Douglas-4 further argues that the Bank and the USDA entered into the agreement with the understanding that Douglas-4 would have protection under § 1926(b) against Eudora or any other municipality. Eudora counters that it is not seeking to set aside or challenge the validity of the loan and/or guarantee, and that the Bank and the USDA were not joined as parties in any of the previous litigation. Instead, it is challenging the effect of the reaffirmations, not the validity, and the fact that an adverse ruling might impact Douglas-4's ability to repay its obligations is of no consequence for purposes of Rule 19.

Douglas-4 addresses only the first prong of analysis—whether USDA or the Bank are required or necessary parties under Rule 19(a). Douglas-4 does not provide the Court with any evidence, either by affidavit or through other extra-pleading evidence, from which the Court

---

[13]Fed. R. Civ. P. 19(b).

[14]*Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997).

might base its decision. On the face of the complaint, the Court appears able to grant the full relief that Eudora seeks against Douglas-4 without the Bank or the USDA being a party to the action. Douglas-4 has not carried its burden of proving the nature and extent of the Bank and the USDA's interests in the loan and guaranty are such that Eudora could not obtain complete declaratory judgment relief without either entity being a party. Nor is there anything in the record to show that the Bank or the USDA claims an interest relating to this action or that either entity is so situated that a disposition in this case would impair its ability to protect that interest.

Moreover, Rule 19 provides that a necessary party should be joined to the action, but dismissal is not contemplated unless joinder is not feasible. Douglas-4 does not address steps two or three of the required analysis, as it does not discuss the feasibility of joining the Bank and the USDA in the action, nor does it address whether in equity or good conscience the action could continue without their joinder. Because this is a federal question case, nothing appears to bar the joinder of the Bank, and the Administrative Procedures Act appears to waive sovereign immunity for the USDA in claims involving § 1926(b).[15] Consequently, Douglas-4 does not meet its burden of demonstrating that the Bank and the USDA are necessary and indispensible parties under Rule 19. As such, there is no basis for dismissal under Rule 12(b)(7).

In so ruling, the Court notes that a Pretrial Order was entered April 22, 2015, expanding on the parties' theories and defenses, and the parties indicate that they will file cross-motions for summary judgment by May 22, 2015.[16] To the extent the question of joinder may be intertwined

---

[15]*See Okmulgee Cnty. Rural Water Dist. No. 2 v. City of Okmulgee*, No. CIV-06-167-KEW, 2006 WL 2251811, at *2 (E.D. Okla. Aug. 3, 2006) (finding that the USDA was a necessary party because the city argued the loans between the USDA and the water district were invalid).

[16]Doc. 22.

with the merits of the case, the Court denies Douglas-4's motion without prejudice to reassert the issue on summary judgment.[17]

**IT IS THEREFORE ORDERED BY THE COURT** that Douglas-4's Motion to Dismiss Due to Failure to Join Necessary Parties (Doc. 14) is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: April 29, 2015

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[17] *See* Fed. R. Civ. P. 12(h)(2) (providing that a Rule 12(b)(7) defense is preserved throughout the trial; Fed. R. Civ. P. 19 advisory committee's note (explaining "[a] joinder question should be decided with reasonable promptness, but decision may properly be deferred if adequate information is not available at the time. Thus the relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage; in such a case it would be appropriate to defer decision until the action was further advanced.").